```
UNITED STATES DISTRICT COURT              FOR ELECTRONIC PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                              :
DENNIS J. DUPREE,                             :
                    Plaintiff,                :
                                              :
            - against -                       :         MEMORANDUM AND ORDER
                                              :         10-CV-1894(JG)
LOCAL 32BJ, NYC DEPARTMENT OF                 :
HOUSING, DEL-MAR MANAGEMENT                   :
SERVICES, INC., UHAB STERLING STREET          :
HOUSING DEVELOPMENT FUND                      :
CORPORATION,                                  :
                                              :
                    Defendants.               :
---------------------------------------------------------------- X
```

A P P E A R A N C E S :

    Dennis J. Dupree
    241 Macon Street
    Brooklyn, New York 11216
    *Plaintiff, pro se*

    SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ
    Office of the General Counsel
    101 Avenue of the Americas
    New York, New York 10013
    By:    Elizabeth A. Baker
    *Attorney for the Defendant, Local 32BJ*

    NEW YORK CITY LAW DEPARTMENT
    100 Church Street
    New York, New York 10007
    By:    Abra Shirann Mason
    *Attorneys for the Defendant, NYC Department of Housing*

JOHN GLEESON, United States District Judge:

        On April 26, 2010, Dennis J. Dupree filed this *pro se* complaint alleging that the defendants discriminated against him on the basis of his race, color and age. In June 2010, the New York City Department of Housing Preservation and Development ("HPD") and the Local 32 BJ (the "Union") moved to dismiss Dupree's complaint. Dupree did not file a written

opposition to the motions, but rather argued in opposition orally at the argument held before me on August 26, 2010. For the reasons stated below, the defendants' motions are granted.

BACKGROUND

The following facts are drawn from Dupree's *pro se* complaint and documents attached to and incorporated by reference in that complaint, and are assumed to be true for the purposes of this motion.

On or about March 15, 2000, Dupree began working as a resident superintendent at a property located at 320 Sterling Street in Brooklyn, New York owned by the HPD. In a letter dated June 9, 2008, Dupree was notified that the Urban Homesteading Assistance Board ("UHAB")-Sterling Street Housing Development Fund Corporation ("HDFC") would be the new owner of the Sterling Street property. Compl. at 25. The letter invited Dupree to apply for continued employment at the property. *Id.* In a letter dated July 11, 2008, the new property management company, Del-Mar Management Services, informed Dupree that his employment would be terminated as of August 13, 2008. Compl. at 23. In addition, Dupree was directed to "vacate [his] apartment on or before [his] termination date." *Id.*

On or about July 28, 2008, Dupree filed two complaints with the Union alleging he had been improperly terminated and that he was owed five days of back pay. Compl. at 31, 115. On July 28, 2008, Dupree was notified by two Union representatives that he could not proceed to arbitration with his claims because he "did not have a contract." Compl. at 33, 116.

On August 7, 2008, Dupree filed an unfair labor practices charge against the Union, HDFC and Del-Mar Management Services with the National Labor Relations Board ("NLRB"). On September 24, 2009, Administrative Law Judge ("ALJ") Steven Fish recommended that Dupree's complaint be dismissed in its entirety. Compl. at 134.

On or about October 4, 2009, Dupree filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Compl. at 15-19. On October 21, 2009, Dupree filed a complaint with the New York State Division of Human Rights ("SDHR") alleging that the Union had discriminated against him. Compl. at 20-21. On December 11, 2009, the EEOC issued Dupree a right-to-sue letter. Compl. at 8, 11.

## DISCUSSION

A.  *Motions to Dismiss -- Standard of Review*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). The standards for reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) are the same. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (setting forth both standards).

Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In its recent decision in *Iqbal*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

> facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal,* 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Because Dupree is proceeding is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Even if the complaint as filed fails to state a claim, if a liberal reading of it "gives any indication that a valid claim might be stated," a court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.   *Dupree's Discrimination Claims*

Liberally construed, Dupree's complaint alleges that the Union and HPD discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Before bringing suit in federal court, an individual alleging discrimination under these statutes must file a charge with the EEOC and obtain a right-to-sue letter. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir. 2001)("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a

precondition to bringing such claims in federal court."). In New York, the EEOC charge must be filed within 300 days of the alleged discriminatory practice. 42 U.S.C. § 2000e-5(e), (f) (Title VII); 29 U.S.C. §§ 626(d)(2), 633(b) (ADEA). If the charge is not filed within 300 days, the claims are deemed time-barred. *Butts v. City of New York Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds*, Civ. Rights Act. of 1991, Pub. L. No. 102-166, 105 Stat. 1071.

Here, Dupree alleges that the Union discriminated against him when it refused to represent him at arbitration. According to his complaint, Dupree was notified by the Union that he was not entitled to arbitration on July 28, 2008. Dupree alleges that HPD discriminated against him by improperly terminating him on August 13, 2008. Dupree did not file his EEOC charge until October 4, 2009, more than 300 days after the allegedly discriminatory acts by the Union and HPD were taken.[1] Since Dupree's EEOC charge against the Union and HPD was filed more than 300 days after the allegedly discriminatory acts were taken, and there is no basis for equitable tolling of the limitations period, Dupree's claims are untimely and must be dismissed.

C.  *Dupree's Fair Representation Claim*

Dupree also alleges that the Union breached its duty of fair representation when it refused to initiate arbitration proceedings on his behalf. "[A] union owes employees a duty to represent them adequately as well as honestly and in good faith." *Air Line Pilots Assoc. Int'l v. O'Neill,* 499 U.S. 65, 75 (1991). Fair representation claims are subject to a six-month statute of

---

[1] In his February 2009 decision, ALJ Fish referred to a charge of discrimination Dupree previously filed with the SDHR. A charge filed with the SDHR prior to February 2009 would have been within 300 days of the allegedly discriminatory acts taken by the Union and HPDF and would, therefore, constitute a timely filing with the EEOC. *See Ford v. Bernard Fineson Dev. Ctr.,* 81 F.3d 304, 307 (2d Cir. 1996). At the oral argument, Dupree stated that he filed a charge with the SDHR in August of 2008. However, he stated that the charge was brought only against Del-Mar and UHAB. A defendant must be named in a complaint filed with the EEOC or SDHR unless there is an "identity of interest" between the named defendants and those unnamed. *Wells v. Mt. Vernon Hosp.,* No. 01 Civ. 9129, 2002 WL 1561099, at *3 (S.D.N.Y. July 15, 2002). No such "identity of interest" exists here.

5

limitations period. *Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000). The limitations period is "counted from the time when the union member 'knew or reasonably should have known that [a breach of the duty of fair representation] had occurred." *Kavowras v. New York Times Co.,* 328 F.3d 50, 55 (2d Cir. 2003)(alteration in original).

The latest date by which Dupree reasonably should have known that a breach of the duty of fair representation had occurred was August 7, 2008, when he filed the unfair labor practice charges against the Union with the NLRB. *Id.* at 55. Dupree did not file his complaint in this case until April of 2010 -- almost two years after he filed the unfair labor practice charge against the Union. Accordingly, his claim is barred by the statute of limitations.

## CONCLUSION

For the reasons stated above, the defendants' motions are granted. Having found that Dupree's claims as against HPD and the Union are time-barred, I need not address the other bases of the motions.

So Ordered.
John Gleeson, U.S.D.J.

Date: August 30, 2010
Brooklyn, New York