UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DUPREE,<br><br>   Plaintiff,<br><br> - against -<br><br>URBAN HOMESTEADING ASSISTANCE BOARD STERLING STREET HOUSING DEVELOPMENT FUND CORPORATION, URBAN HOMESTEADING ASSISTANCE BOARD, DEL-MAR MANAGEMENT SERVICES, INC., ROMULO SAMANIEGO, CASEY DELVALLE,<br><br>   Defendants. | Civil Action No. 10 Civ. 1894 (JG)(JO) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF UHAB'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12**

Jones Day
222 East 41st Street
New York, New York 10017
Terri L. Chase
Amanda M. Betman
Emilie A. Hendee

*Attorneys for Defendants*
Urban Homesteading Assistance Board Sterling
Street Housing Development Fund Corporation
and Urban Homesteading Assistance Board

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii

**I. PRELIMINARY STATEMENT** ....................................................................................... 1

**II. ARGUMENT** ..................................................................................................................... 2

    A.    **PLAINTIFF HAS NOT MET HIS BURDEN OF ESTABLISHING EXTRAORDINARY CIRCUMSTANCES JUSTIFYING EQUITABLE TOLLING** ........................................................................................ 2

        1.    **The Standard for Equitable Tolling to Apply** ............................................. 2

        2.    **Plaintiff Failed To Show Extraordinary Circumstances** ........................... 3

        3.    **Plaintiff Failed To Show That He Diligently Pursued His Claims** ........... 7

**III. CONCLUSION** ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page**

**CASES**

Amar v. Hillcrest Jewish Center,
  05-CV-03290 (RRM) (RML), 2008 U.S. Dist. LEXIS 108180 (E.D.N.Y. 2009) .................. 6, 7

Baldwin Cnty. Welcome Ctr. v. Brown,
  466 U.S. 147 (1984) .......................................................................................................... 3

Boos v. Runyon,
  201 F.3d 178 (2d Cir. 2000) ............................................................................................ 3, 5

Burton v. U.S. Postal Serv.,
  612 F. Supp. 1057 (D. Ohio 1985) ....................................................................................... 9

Da Costa v. Union Local 306, IATSE,
  08 Civ. 2470 (PAC)(FM), 2009 U.S. Dist. LEXIS 88582 (S.D.N.Y. Sept. 25, 2009) .......... 6, 7

DD v. Lincoln Hall,
  09-CV-860(CS)(LMS), 09-CV-861(CS)(LMS), 2010 U.S. Dist. LEXIS 15511
  (S.D.N.Y. Feb. 19, 2010) .................................................................................................... 8

Fennell v. Artuz,
  14 F. Supp. 2d 374 (S.D.N.Y. 1998) .................................................................................... 8

Francis v. Elmsford Sch. Dist.,
  442 F.3d 123 (2d. Cir. 2006) ............................................................................................... 6

Francis v. Miller,
  198 F. Supp. 2d 232 (E.D.N.Y. 2002) .................................................................................. 7

Gadson v. Greiner,
  00-CV-1179 (JG), 2000 U.S. Dist. LEXIS 16185
  (E.D.N.Y. Sept. 27, 2000) (Gleeson, J.) .............................................................................. 8

Ghosh v. New York City Dep't of Health,
  413 F. Supp. 2d 322 (S.D.N.Y. 2006) .................................................................................. 9

Hoffman v. Williamsville Cent. Sch. Dist.,
  09-CV-1065-JTC, 2010 U.S. Dist. LEXIS 99759 (W.D.N.Y. Sept. 23, 2010) ...................... 3

Johnson v. Nyack Hosp.,
  86 F.3d 8 (2d Cir. 1996) ...................................................................................................... 2

Maira v. Hooker Chemical & Plastics Corp.,
  No. CIV-81-10E, 1981 U.S. Dist. LEXIS 13966 (W.D.N.Y. June 19, 1981) ....................... 2

# TABLE OF AUTHORITIES
## (Cont'd)

**CASES**                     **PAGE**

Mendez v. Artuz,
    99 CIV. 2472 (DLC), 2000 U.S. Dist. LEXIS 9958 (S.D.N.Y. July 19, 2000)..........5

Nielsen v. Flower Hosp.,
    639 F. Supp. 738 (S.D.N.Y. 1986)..............................................................................9

Rainey v. Hebrew Hosp. Home, Inc.,
    No. 08 Civ. 5828, 2009 WL 1675401 (S.D.N.Y. June 15, 2009)...............................9

Schlueter v. Anheuser-Busch, Inc.,
    132 F.3d 455 (8th Cir. 1998) .....................................................................................9

Seitzinger v. Reading Hosp. & Med. Ctr.,
    165 F.3d 236 (3d. Cir. 1999).............................................................................3, 5, 9

Sinha v. N.Y. City Dep't of Educ.,
    127 Fed. Appx. 546 (2d. Cir. 2005)...........................................................................6

Smaldone v. Senkowski,
    273 F.3d 133 (2d Cir. 2001).......................................................................................2

Townsend v. Superintendent,
    No 05-CV-4979 (JFB), 2006 U.S. Dist. LEXIS 48008 (E.D.N.Y. March 2, 2006) ...................2

Veltri v. Bldg. Serv. 32b-J Pension Fund,
    393 F.3d 318 (2d. Cir. 2004).....................................................................................2

Wong v. Healthfirst, Inc.,
    No. 04 CV 10061 (DAB), 2006 U.S. Dist. LEXIS 62692 (S.D.N.Y. Aug. 23, 2006) ..............7

Zerilli-Edelglass v. New York City Transit Auth.,
    333 F.3d 74 (2d Cir. 2003).........................................................................................2

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12 .................................................................................1

Defendants Urban Homesteading Assistance Board Sterling Street Housing Development Fund Corporation ("UHAB-Sterling Street HDFC") and Urban Homesteading Assistance Board (collectively referred to herein as "UHAB," except where otherwise designated), by and through their attorneys, Jones Day, hereby submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## I.
## PRELIMINARY STATEMENT

In the Memorandum of Law in Opposition to UHAB's Motion to Dismiss (the "Opposition Brief"),[1] plaintiff Dennis Dupree ("Plaintiff") fails to provide a valid basis for the pursuit of his untimely Title VII claims.[2] Indeed, Plaintiff concedes that this action (the "Current Action") is untimely because it was not filed within the requisite ninety (90) days of receiving a right to sue letter.[3] (Opp. Br. at p. 9). Nonetheless, Plaintiff asks this Court to equitably toll the statute of limitations. However, as discussed more fully below, Plaintiff has not met his burden of demonstrating the type of extraordinary circumstances that warrant equitable tolling. To this end, neither Plaintiff's misunderstanding of the law nor his misguided reliance on advice from unnamed persons rise to the level of "extraordinary circumstances" sufficient to toll the statute of limitations.

Moreover, for the reasons set forth in UHAB's moving papers (UHAB's Moving Brief pp. 13-15), the Court should dismiss the conversion claim because Plaintiff fails to meet the pleading

---

[1] Plaintiff's Opposition Brief is cited herein as "Opp. Br. at p. #."

[2] Plaintiff stipulated to the dismissal of Count II in the Amended Complaint based on the election of remedies doctrine. (Opp. Br. at p. 1, n.1).

[3] This Court previously dismissed this action as untimely as to the New York City Department of Housing Preservation and Development ("HPD") and Local 32 B-J (the "Union"). (Hendee Decl. Ex. A, Docket Entry 24).

requirements set forth in Twombly. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

## II.
## ARGUMENT

A. **PLAINTIFF HAS NOT MET HIS BURDEN OF ESTABLISHING EXTRAORDINARY CIRCUMSTANCES JUSTIFYING EQUITABLE TOLLING.**

1. **The Standard for Equitable Tolling to Apply**

Statutes of limitations are intended to prevent the prosecution of claims that become stale due to faded memories or unavailable witnesses, and thus, should not lightly be set aside. Maira v. Hooker Chemical & Plastics Corp., No. CIV-81-10E, 1981 U.S. Dist. LEXIS 13966, at *6 (W.D.N.Y. June 19, 1981). Accordingly, tolling the statute of limitations for Title VII claims is an extraordinary remedy that, if applied too liberally, can undermine the purpose of statutes of limitations of allowing potential defendants predictability and ultimate repose. See e.g. Veltri v. Bldg. Serv. 32b-J Pension Fund, 393 F.3d 318, 326 (2d. Cir. 2004); Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 78 (2d Cir. 2003). For this reason, the doctrine of equitable tolling is only appropriate in the "*rare and exceptional* circumstances" where a party is prevented in some "*extraordinary*" way from exercising his rights. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (emphasis added); see also Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996). Courts in this Circuit have routinely held that a plaintiff's pro se status and lack of legal expertise do not merit equitable tolling. See Townsend v. Superintendent, No 05-CV-4979 (JFB), 2006 U.S. Dist. LEXIS 48008, at *6 (E.D.N.Y. March 2, 2006) (dismissing pro se plaintiff's complaint as time barred because pro se status and lack of education do not constitute legal grounds for tolling).

Significantly, the burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff.[4] See Boos v. Runyon, 201 F.3d 178, 184-85 (2d Cir. 2000) (noting that the burden is on plaintiff to establish the appropriateness of equitable tolling). When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. Hoffman v. Williamsville Cent. Sch. Dist., 09-CV-1065-JTC, 2010 U.S. Dist. LEXIS 99759, at *14-15 (W.D.N.Y. Sept. 23, 2010). For instance, courts have allowed equitable tolling where a claimant has received inadequate notice, a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, the court has led the plaintiff to believe that she had done everything required of her, or affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

Here, Plaintiff has not met his burden of demonstrating that extraordinary circumstances exist or that he acted with reasonable diligence, which are both required for a court to exercise its discretion to apply the doctrine of equitable tolling.

### 2. Plaintiff Failed To Show Extraordinary Circumstances

In the Opposition Brief, Plaintiff alleges that extraordinary circumstances exist because Plaintiff relied on inaccurate advice of others. (Opp. Br. pp. 11-12). Without providing any specific information, Plaintiff alludes to two individuals whose advice he relied on to his

---

[4] In the Opposition Brief, Plaintiff improperly attempts to shift the burden by arguing that equitable tolling should apply because UHAB cannot demonstrate prejudice. (Opp. Br. pp. 10, 17). However, it is Plaintiff's burden to demonstrate that equitable tolling should be applied. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 241-42 (3d. Cir. 1999). In any event, courts may not rely on lack of prejudice as a determinative factor, but merely may consider it in the analysis *after* being presented – unlike here – with a factor that might justify equitable tolling. Id.

detriment: (1) any unidentified person(s) who advised him to obtain a right to sue letter from the EEOC; and (2) an unidentified investigator at the New York State Division of Human Rights (the "Division") who allegedly misinformed Plaintiff regarding the statute of limitations for filing a complaint. (Id.). For the following reasons, neither of these allegations rise to the level of extraordinary circumstances to warrant equitable tolling.

In the Opposition Brief, Plaintiff asserts that he did not timely file the Current Action because he relied on the "mistaken advice and the assistance of others" by requesting a right to sue letter from the EEOC after filing his first administrative charge (the "First Charge"). (Opp. Br. p.11). As an initial matter, Plaintiff's assertion that his reliance on this advice was "mistaken" is illogical because requesting a right to sue letter was the appropriate step for Plaintiff to have taken in order to further pursue his Title VII claim, because the Right to Sue Notice is a prerequisite to filing claims in federal court. Further, Plaintiff admits that he received the right to sue letter which clearly states that "Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost." (Id.; Hendee Decl. Ex. C) (emphasis in original). Despite asserting that he has a fifth grade education level, Plaintiff does not assert that he is illiterate. (Opp. Br. pp. 1, 5, 11). Indeed, any such claim would be undermined by the numerous, detailed documents he filed with both the EEOC, the Division and this Court while acting in a pro se capacity, including but not limited to the first and second administrative charges, the request for a right to sue letter and the original complaint. (Hendee Decl. Ex. A, B, E; Genn Decl. Ex. E). Given these facts, Plaintiff has not demonstrated that he could not read the clear language of the Right to Sue Notice, stating that any lawsuit under Title VII must be filed in *federal or state court* within 90 days. Plaintiff merely asserts that he "was led to believe" by an unidentified

person that filing a subsequent complaint with the EEOC within 90 days satisfied the requirement of the right to sue letter. (Opp. Br. p.11).

Moreover, Plaintiff does not identify whose advice he relied on to cause him to take steps contrary to the plain language of the Right to Sue Notice, nor any basis that would render such reliance reasonable. (Id.). Such vague and conclusory assertions are insufficient to justify any further inquiry into equitable tolling. Boos, 201 F.3d at 184-85 (noting that vague or conclusory assertions are "insufficient to justify any further inquiry into tolling"). Importantly, Plaintiff does not assert that he relied on advice from a lawyer or representative of the Court, EEOC or the Division. (Id.). Plaintiff's alleged reliance on advice from these unnamed persons does not constitute extraordinary circumstances sufficient to justify equitable tolling.[5] See Mendez v. Artuz, 99 CIV. 2472 (DLC), 2000 U.S. Dist. LEXIS 9958 (S.D.N.Y. July 19, 2000) (holding that reliance on a fellow inmate's inaccurate legal advice did not excuse petitioner from complying with statutory filing deadline).

Plaintiff next asserts that an investigator from the Division told him that if he was unhappy with the No Probable Cause determination that was issued on January 25, 2010, he must file suit within 90 days.[6] (Opp. Br. p.12). This argument is a nonstarter because the time period in which Plaintiff could file a Title VII action in federal court expired on November 2, 2009 (ninety days after the issuance of the Right to Sue Notice received in response to his First

---

[5] Plaintiff's reliance on Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999) for the proposition that this reliance was justified is misplaced because that case involved a claimant who hired an attorney to help file her case, then specifically contacted the attorney prior to the filing deadline to ensure that the complaint had been filed on time, and repeatedly requested a copy of the complaint. The Seitzinger court tolled the statute of limitations because the level of the attorney's misbehavior went well beyond the garden variety in that he affirmatively lied to his client. 165 F.3d at 241. Furthermore, the complaint was only filed *one day* late. Id.

[6] Importantly, Plaintiff does not allege that the investigator told him that he could file a federal action under Title VII within 90 days. Rather, the Opposition Brief alleges that "[t]he investigator explained that if Mr. Dupree was unhappy with the result [of the No Probable Cause Determination] he needed to file suit within 90 days." (Opp. Br. p. 12). In fact, Plaintiff could have filed suit in state court if he was dissatisfied with the No Probable Cause Determination – albeit within 60, not 90 days.

Charge) – well before the Division issued the No Probable Cause Determination. Accordingly, by the time Plaintiff allegedly had this conversation with the Division investigator, the time period in which he could have timely filed a Title VII suit had passed by at least 85 days, such that Plaintiff no longer had an active claim that he could pursue in federal court.[7]

Furthermore, to invoke equitable tolling based on governmental misconduct, the acts of the government must "amount to affirmative misconduct on the government's part aimed at causing [the plaintiff] to forgo his legal rights." Da Costa v. Union Local 306, IATSE, 08 Civ. 2470 (PAC)(FM), 2009 U.S. Dist. LEXIS 88582, at *15 (S.D.N.Y. Sept. 25, 2009). It is without question that Plaintiff's allegations do not rise to the level of governmental misconduct that would warrant equitable tolling. Indeed, Plaintiff's unsworn, self-serving statement that a Division officer advised him of an incorrect filing deadline does not warrant equitable tolling. See Amar v. Hillcrest Jewish Center, 05-CV-03290 (RRM) (RML), 2008 U.S. Dist. LEXIS 108180, at *14 (E.D.N.Y. 2009) (holding that an unsworn, self-serving statement by plaintiff that an EEOC officer advised him of an incorrect filing deadline did not warrant equitable tolling). (Opp. Br. p. 12). Plaintiff presents no evidence to this Court that this alleged conversation with a Division investigator took place. (Id.). If such a conversation did occur, Plaintiff may have misunderstood the investigator's advice, which does not rise to the level of extraordinary circumstances sufficient to justify equitable tolling. See Sinha v. N.Y. City Dep't of Educ., 127 Fed. Appx. 546 (2d. Cir. 2005) (concluding that because the employee had "most likely misunderstood" the investigator's filing directions "through no fault" of the investigator, no extraordinary circumstance existed to justify equitable tolling). Therefore, Plaintiff's assertions

---

[7] As discussed in UHAB's moving papers, the Division's No Probable Cause Determination is not equivalent to an EEOC right to sue letter because Division determinations do not trigger the 90-day period to file suit in federal court. See Francis v. Elmsford Sch. Dist., 442 F.3d 123 (2d. Cir. 2006). Rather, the Division's determination only affected Plaintiff's right to appeal his claims under the NYHRL, while enforcement of Title VII is the responsibility of the EEOC. Id.; (Hendee Decl. 6, Ex. D).

of mistaken reliance do not rise to the level of extraordinary circumstances for equitable tolling purposes.  See Amar, 2008 U.S. Dist. LEXIS 108180, at *14.

While unfortunate, to the extent that Plaintiff seeks to assert that his homelessness or physical or mental impairments should toll the statute of limitations, these factors are insufficient as they do not constitute extraordinary circumstances for equitable tolling purposes.  Da Costa, 2009 U.S. Dist. LEXIS 88582, at *17 (holding that homelessness did not constitute an extraordinary circumstance where plaintiff was able to assemble and submit extensive papers and that psychological disorder did not render plaintiff unable to pursue his legal rights within the period of limitations).

Indeed, to countenance Plaintiff's unsupported assertions by tolling the statute of limitations would undermine the purpose of the statute of limitations and enable virtually any plaintiff to avoid the statutorily-imposed filing requirements by making self-serving allegations that they "misunderstood" advice from others.  As Plaintiff has not demonstrated extraordinary circumstances, his claim for equitable tolling should be denied.

### 3. Plaintiff Failed To Show That He Diligently Pursued His Claims

Equitable tolling also is inappropriate because Plaintiff has not met his burden of showing that he diligently pursued his claims.  Plaintiff asserts that his diligence was demonstrated by his filing of the Second Charge with the EEOC because he was "told that he could satisfy the timing requirement" by doing so.  (Opp. Br. p. 13).  While the Court may have sympathy for the Plaintiff's circumstances, ignorance of the law does not warrant equitable tolling of a statute of limitations.  See Wong v. Healthfirst, Inc., No. 04 CV 10061 (DAB), 2006 U.S. Dist. LEXIS 62692, at *4-5 (S.D.N.Y. Aug. 23, 2006) (dismissing pro se plaintiff's employment discrimination suit as untimely despite plaintiff's "honest belief" that it was timely filed); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (holding that pro se

plaintiff's ignorance of law and legal procedure is not so exceptional as to merit equitable tolling); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (holding that a pro se plaintiff's unfamiliarity with legal research and legal proceedings do not warrant equitable tolling).

Moreover, Plaintiff was competent enough to request the right to sue letter from the EEOC, so he should have read its plain language. In fact, in Plaintiff's letter to the EEOC, Plaintiff requests a right to sue notice and acknowledges that such a determination would enable him to proceed to federal court. (Genn Decl. Ex. E). After receiving the Right to Sue Letter, Plaintiff waited 266 days to file his complaint in federal court. (Hendee Decl. Exs. A, C). Such a long delay in time cannot be considered diligence in pursuit of his Title VII claim. See Gadson v. Greiner, 00-CV-1179 (JG), 2000 U.S. Dist. LEXIS 16185, at *6 (E.D.N.Y. Sept. 27, 2000) (Gleeson, J.) ("prolonged periods of inactivity cannot be viewed as anything other than a marked lack of diligence, rendering [plaintiff] ineligible for equitable tolling."). Plaintiff received ample notice from both agencies – the Division and the EEOC – that enforcement of Title VII falls within the EEOC's jurisdiction and that in order to pursue his Title VII claims he needed to file a complaint within 90 days of receipt of a right to sue letter from a timely charge. (Hendee Decl. Ex. B, C, D),

Due to the plethora of warnings to Plaintiff of the time period in which he was required to file a federal action, Plaintiff has failed to show that he "acted as expeditiously as was feasible in the circumstances." Singletary 9 F.3d at 1244. Further, because equitable tolling is to be applied sparingly, and not out of a vague sympathy for particular litigants, DD v. Lincoln Hall, 09-CV-860(CS)(LMS),09-CV-861(CS)(LMS), 2010 U.S. Dist. LEXIS 15511 (S.D.N.Y. Feb. 19, 2010), Plaintiff has failed to meet his burden and his Title VII claims must be dismissed.

The cases that Plaintiff cites to support his argument that he diligently pursued his claim are inapposite and distinguishable.  Ghosh v. New York City Dep't of Health, 413 F. Supp. 2d 322 (S.D.N.Y. 2006) is similar to the Current Action in that the Division issued a no probable cause determination after the EEOC issued a right to sue letter, but Ghosh is distinguishable for several reasons, most importantly because the EEOC issued a second right to sue letter after the Division issued the no probable cause determination, purportedly adopting the Division's finding and included boilerplate language giving plaintiff 90 days to file a Title VII claim in federal court.  In Schlueter v. Anheuser-Busch, Inc., 132 F.3d 455 (8th Cir. 1998), the plaintiff mistakenly believed she had filed a charge with the EEOC when in fact the EEOC had given her the incorrect form to fill out, so the court allowed this filing date to count for purposes of timeliness.  In Rainey v. Hebrew Hosp. Home, Inc., No. 08 Civ. 5828, 2009 WL 1675401 (S.D.N.Y. June 15, 2009), the plaintiff *did* file a timely complaint in federal court, but it was a defective pleading, so the court allowed it to be considered timely.  Burton v. U.S. Postal Serv., 612 F. Supp. 1057 (D. Ohio 1985) involved an attorney who irresponsibly abandoned his client and the case and left town without informing his client.  None of these mitigating factors are remotely present in the Current Action.

Because Plaintiff failed to set forth circumstances under which equitable tolling is warranted, it is inappropriate for the Court to consider whether UHAB has demonstrated that prejudice would result from tolling the statute of limitations.  Seitzinger, 165 F.3d at 241-42.  In any event, UHAB would be prejudiced by tolling because UHAB, a non-profit agency dedicated to converting dilapidated buildings into low-income cooperatives for over thirty-five years, would be harmed by having to expend resources to defend itself against such a meritless action.[8]

---

[8] In Nielsen v. Flower Hosp., 639 F. Supp. 738 (S.D.N.Y. 1986), which Plaintiff relies on for the proposition that UHAB is obligated to demonstrate prejudice, the plaintiff *did* file a timely federal action within 90

- 9 -

Because Plaintiff has not established extraordinary circumstances and diligence in pursuing his claims sufficient to warrant equitable tolling, his Title VII claims should be dismissed in their entirety with prejudice.

## III.
## CONCLUSION

For the reasons set forth above and in UHAB's moving papers, UHAB respectfully requests that this Court grant UHAB's motion to dismiss the Amended Complaint in its entirety.

Dated: March 25, 2011
       New York, New York

Respectfully submitted,

**JONES DAY**

By:  /s/ Terri L. Chase_____
    Terri L. Chase (TC 9091)
    Amanda M. Betman (AB 9327)
    Emilie A. Hendee (EH 4774)

    222 E. 41st St.
    New York, New York 10017
    (212) 326-8386

*Attorneys for Defendants*
Urban Homesteading Assistance Board Sterling Street Housing Development Fund Corporation and Urban Homesteading Assistance Board

NYI-4353171v4

---

(continued…)

days of receiving a right to sue letter, but defendant argued that because service was defective the suit could not constitute a timely filing.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————— x

Dennis J. Dupree

                              Plaintiff,                  Affirmation of Service

           -against-

UHAB - Sterling Street HDFC, et. al.,

                                                        10     CV    1894    ( JG) (JO )

                            Defendant.

————————————————————————— x

    I, __Emilie A. Hendee__, declare under penalty of perjury that I have served a copy of the attached __Reply Memorandum of Law in Further Support of UHAB's Motion to Dismiss__ upon __Dennis J. Dupree, Del-Mar Management Services, Inc., Romulo Samaniego and Casey Delvalle__ whose address is: __Danielle F. Tarantolo, Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, NY 10022 (counsel for Dennis J. Dupree); Gerald Pigott, 4127 Gloria Road, Bethpage, NY 11714 (counsel for Del-Mar Management Services, Inc., Romulo Samaniego and Casey Delvalle).__

Dated: __3/25/11__
           __New York__, New York

                                                         /s/ Emilie A. Hendee
                                                         Signature

                                                          222 E 41st St. Fl. 2
                                                         Address

                                                          New York, NY 10017
                                                         City, State, Zip Code